MACHII–ROSS PETROLEUM COMPANY, a California Partnership, Plaintiff,

v.

Bill R. HILBURN, an individual, the Arizona Farmers Production Credit Association, aka The PCA, and Lantana Enterprises, Inc., a New Mexico Corporation, Druecilla O. Hilburn, an individual, Gary Scott Hilburn, an individual, and Deborah Lynn Gunn, an individual, Defendants and Related Counter-Claim.

MACHII–ROSS PETROLEUM COMPANY, a California Partnership, Plaintiff,

v.

SANTA FE OIL COMPANY, a Texas Corporation, Charles Beck and Florence K. Beck, Defendants and Related Counter-Claim.

Nos. CV79–02737 AAH (Gx), CV79–04839 AAH (Gx).

United States District Court, C. D. California.

June 10, 1981.

Gordon L. Hartstein, Rehkop & Buddenbaum, Laguna Beach, Cal., for plaintiff.

Michael S. Milroy, of Snell & Wilmer, Phoenix, Ariz., Michael R. Matthias, Mesewe, Mumper & Hughes, Los Angeles, Cal., for defendants.

HAUK, Chief Judge.

Plaintiff Machii-Ross Petroleum Company ("Machii-Ross") having moved this Court in Courtroom 1, at 11:30 A.M., April 13, 1981, for a preliminary injunction against Defendant Bill R. Hilburn ("Hilburn") to enjoin Hilburn, his officers, agents, employees, representatives, and all persons acting in concert or participating with Hilburn, pending the final hearing and determination of this action, from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any of the acts listed below, this Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The Court finds that Hilburn is about to receive certain assets upon the close of escrow, namely,

   a. $926,700 jointly with the Arizona Farmers Production Credit Association;

   b. net proceeds from $926,700 after said monies have been applied to satisfy Hilburn's obligation to the Arizona Farmers Production Credit Association;

   c. farm equipment and machinery;

   d. Ellis Piper promissory note with an approximate balance of $85,000;

   e. Chang promissory note with an approximate balance of $55,000;

   f. real property located at 14010 Marshall Lane in Whittier, California;

   g. real property in Montebello, California, known commonly as the Lincoln Manor;

   h. and real property in the City of Exeter in Tulare County, California.

2. The Court further finds that Hilburn misstated numerous material facts in his Affidavit to this Court executed on November 6, 1979, in opposition to Machii-Ross' Ex Parte Application for a Writ of Attachment, including the following specific misstatements:

   a. "There are no negotiations pending ... for sale of Hilburn's ranch."

   b. "If the ranch is ever sold, I expect to receive, as my equity, cash and notes in excess of $2,500,000, a sum far greater than is sought by way of the writ of attachment."

   c. "In addition to the ranch, I have other substantial assets. There is no danger that the ranch or the assets will be dissipated."

   d. "... it is intended that the funds would stay in escrow in order to effect a tax free exchange on the purchase of a new ranch."

3. The Court further finds the facts to be contrary to those stated by Hilburn in his affidavit, including the following:

   a. Negotiations were pending between Munnell and Hilburn for the sale of Hilburn's ranch on November 6, 1981, and Hilburn is lying in his affidavit when he claims otherwise.

   b. Hilburn did not receive, as his equity, cash and notes in excess of $2,500,000, and he did not receive a sum far greater than Machii-Ross sought by way of its writ of attachment, and

Hilburn is lying in his affidavit when he claims otherwise.

c. Hilburn transferred all his other substantial assets to others.

d. There was no tax free exchange for the purpose of purchase and obtaining a new ranch.

4. The Court finds that Hilburn will likely transfer the property aforedescribed in derogation of Machii-Ross' rights to be secured thereby, to make himself judgment proof against Machii-Ross and to render the instant lawsuit worthless as set forth in Machii-Ross' Second Amended Complaint, and will do so in the immediate future unless restrained by order of this court during the pendency of this litigation.

5. The Court finds that immediate and irreparable injury, loss or damage would otherwise result to Machii-Ross unless this preliminary injunction is granted.

6. The Court finds that the damage to Hilburn if the preliminary injunction is granted is much less than the damage to Machii-Ross if the preliminary injunction is not granted.

7. The Court finds that Hilburn lied when he stated in his affidavit of March 24, 1981, that Judge Munnell winked at him and said he would have lunch with Judge Hauk.

8. The Court finds that Lantana Enterprises, Inc. is a dummy corporation created by Hilburn and his family for the purpose of hiding money from Hilburn's creditors.

9. The Court finds that one of the reasons for Hilburn having sold his farm was to defraud Hilburn's creditors.

10. The Court finds that the preliminary injunction must be granted in the public interest and in the interest of justice and in seeking the truth in this matter.

## REASONS FOR ISSUANCE OF PRELIMINARY INJUNCTION AND CONCLUSIONS OF LAW

1. It clearly appears from specific facts shown by affidavit, by the verified Second Amended Complaint, and those facts as found by this Court, that immediate irreparable injury, loss, or damage would result to Machii-Ross unless the preliminary injunction is granted.

2. The balance of equities, including the damage that would accrue to Hilburn if the injunction was granted, are outweighed by the immediate irreparable injury, loss, or damage that would result to Machii-Ross if the injunction was not granted.

## ORDER FOR PRELIMINARY INJUNCTION

1. Based on the foregoing, good cause appearing and proof made to the satisfaction of the Court, it is now ordered that during the pendency of this action, Hilburn and his officers, agents, employees, and representatives and all persons acting in concert or participating with him shall be and they are hereby enjoined and restrained from engaging in, committing, or performing, directly or indirectly by any means whatsoever any of the following acts:

a. Transferring, spending, assigning, dissipating, conveying, pledging, secreting, absconding with or otherwise disposing of any right, title or interest of whatever kind in $926,700 more or less than an escrow established with the law firm of Willoughby, Evans and Allred, in Wilcox, Arizona, may or will pay to Hilburn and the Arizona Farmers Production Credit Association jointly on or about March 15, 1981, or shortly thereafter, provided, however, that Machii-Ross consent to the payment from said funds only those monies to satisfy Hilburn's obligation to the Arizona Farmers Production Credit Association and thereby cause the release of certain assets to Hilburn as described hereinabove.

b. Transferring, spending, assigning, dissipating, conveying, pledging, secreting, absconding with or otherwise disposing of any right, title or interest of whatever kind in the excess, if any, of the net proceeds due Hilburn from said $926,700 after payment of funds due to Arizona Farmers Production Credit Association.

c. Transferring, releasing, selling, assigning, dissipating, conveying, secreting, absconding with, encumbering, pledging, hypothecating or otherwise disposing of any right, title or interest of whatever kind in farm equipment and machinery earlier pledged or given as security for a loan to the Arizona Farmers Production Credit Association and which pledge or security may be discharged on or after March 15, 1981.

d. Transferring, releasing, selling, assigning, dissipating, conveying, encumbering, pledging, hypothecating or otherwise disposing of any right, title or interest of whatever kind in land in Montebello, California, known commonly as the Lincoln Manor; in farmland in the City of Exeter in Tulare County, California; in 14010 Marshall Lane, Whittier, California, earlier pledged or given as security for a loan to the Arizona Farmers Production Credit Association and which pledge or security may be discharged on or after March 15, 1981.

e. Transferring, releasing, selling, assigning, dissipating, conveying, pledging, secreting, absconding with or otherwise disposing of any right, title or interest of whatever kind in certain promissory notes commonly known as the Ellis Piper Promissory Note with a balance of approximately $85,000, and the Chang Promissory Note with a balance of approximately $55,000.

f. Transferring, releasing, selling, assigning, dissipating, conveying, encumbering, pledging, hypothecating or otherwise disposing of any right, title or interest of whatever kind in that certain acreage contiguous to or nearby the real property known as the William A. Munnell Farm, located in and about Bowie, Arizona, standing in the name of Hilburn or in the name of another for the benefit of Hilburn.

g. It is further ordered that, before the foregoing order shall take effect, Ma-chii-Ross shall file a written undertaking or a letter of credit in lieu thereof in the sum of $50,000.00, for the purpose of indemnifying Hilburn for such damages as he may sustain by reason of this preliminary injunction if the Court finally decides that Machii-Ross is not entitled thereto.

h. It is further ordered that the preliminary injunction shall issue upon Machii-Ross' filing a written undertaking or a letter of credit in the sum specified above. The Court reserves jurisdiction to modify this injunction as the ends of justice may require.